UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-448-S

**CONNIE MARSHALL**                                                                                               **PLAINTIFF**

v.

**VIC STAFFIERI** *et al.*                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Connie Marshall, filed this *pro se* action against Vic Staffieri, CEO, President; E.ON U.S., LLC; LG&E (Louisville Gas and Electric); and LG&E Risk Management. Plaintiff alleges that these Defendants have:

> Violated her Civil Rights and Civil Liberties, participated in a Conspiracy, Redlining and violated the laws which govern operating state and federal public services by participating in the following: 1) Destroying her property (which include approximately 8 computers, 4 fax machines some w/scanners and copiers, 10 telephones some with features, 1 washer, 1 dryer, 1 electric ignitor switch connected to furnace, 7 tape players w/cd players, 1 microwave and other electrical appliances); 2) Torturing and tormenting Ms. Marshall by turning lights, radios, televisions, computers, washer, dryer and other electrical appliances off and on are causing severe malfunction or destruction of those properties; 3) Illegal disconnection of service on two occasions, even though Ms. Marshall called and made payment arrangements and/or the bill was paid; 4) Trespassed and violated Ms. Marshall's right to privacy; 5) Violated Ms. Marshall's basic human rights; 6) Knowingly allowed Ms. Marshall to be attacked and tortured numerous times (microwaving) on her telephone by allowing corrupt officials to intercept her service; 7) Caused Ms. Marshall to be "shocked" eleccrically by the illegal interception of her service from the electrical outlet; 8) Participated in allowing corrupt officials to block Ms. Marshall's fax machine, telephones, and any internet service she tried to use; and 9) On one occassion caused Ms. Marshall's food to spoil due to the illegal disconnect of her service.

Plaintiff is seeking financial restitution in the amount of twenty million dollars and an additional fifty million dollars for pain and suffering caused by the "microwaving."

Plaintiff attaches a "log of events" to her complaint. The log lists a number of occurrences that Plaintiff attributes to Defendants in one way or another. Below is a sample of some of the events described in Plaintiff's log:

<u>October 2007</u>
If I would reach for the lamp in my bedroom it would come on before I turned it on, when I take my hand down the light turns off. Each time I reach for it, it comes on and when I take my hand down it turns off. This has been happening for days.

<u>October 18, 2007--3:07 a.m.</u>
Woke up suddenly and felt someone was watching me. Got up out of bed. My dish satellite service was turned off two days prior to this day because I could not pay the bill due to the financial devastation all this has caused me. When I looked at the dish satellite box in my room the lights were on. As I got up out of bed and stared at it, I started walking toward it, the lights suddenly went off the dish box. ***I am 100% sure that they have been watching me in my most private moments And have seen when I am NUDE/NAKED in my home.***

<u>January 5, 2008--8:10 p.m.--</u>**Attacked**
Talking to daughter long distance. Could feel signals coming through phone, signals hurt head and caused severe pressure in back of head, numbness & burning in lips.

Along with her complaint, Plaintiff filed an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application is, therefore, **GRANTED**.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)). The federal courts liberally construe the pleadings of *pro se* parties in order to guarantee that those who are without the resources to hire a licensed attorney have a fair opportunity to state their case. *See Haines v.*

*Kerner*, 404 U.S. 519 (1972). However, the courts are not obligated to entertain claims which appear to be delusional. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in."). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

The Court has carefully reviewed Plaintiff's complaint and concludes that it must be dismissed. While the Plaintiff's beliefs may be sincere, her allegations are implausible. They are the product of some kind of delusional or paranoid thinking. *See Lacy v. Briggs & Stratton Corp.*, No. 08-CV-128, 2008 U.S. Dist. LEXIS 12647 (E.D. Wis. Feb. 11, 2008) (dismissing complaint as delusional where plaintiff alleged that defendants put "electronic surveillance" on his body and teeth); *Selevan v. United States Dep't of Def.*, No. 06-CV-0574A, 2006 U.S. Dist. LEXIS 72759 (W.D.N.Y. Oct. 4, 2006) (dismissing case as frivolous where the plaintiff sued the federal government and local electric company for allowing the government to use plaintiff and others as a "test for radiation").

Essentially, Plaintiff's complaint is nothing more than a collection of totally

unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional. *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible."). It is clear that the Court is not the forum that can provide Plaintiff with the type of assistance she needs. Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and others have targeted her as part of a federal/state conspiracy.

Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

Date: August 10, 2009

Charles R. Simpson III, Judge
United States District Court

cc:     Plaintiff, *pro se*

4411.008